Page  1

**Issued by the**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In the Matters of,* | | ) |
| | | ) |
| **Herbert McMillian,** | Plaintiff - Creditor | ) |
| *(Last four SS:#:8692)-* | *Employee* | ) **Case No.1-08-civil- 180**(SLR) |
| | | ) |
| *-against-* | | ) ***JURY DEMANDED- Plaintiff*** |
| | | ) |
| **Trans World Airlines, Inc,** | Defendant - Debtors | ) |
| **(NYS-Tax ld#526-876)-** | **Employer** | ) |
| and | | ) |
| *Third-Party- and  Joinder Parties in Interest* | | ) **Jurisdiction Federal Question**: |

## MOTION FOR ORDER TO SHOW CAUSE
## WHY SUBPOENA(S) SHOULD NOT BE ENFORCED

**Herbert McMillian,** *entity* creditor, by undersigned, pro Se, has served and filed

an Order to Show Cause Why the *"previously"* **two** Subpoena(s)-*annexed-* Should Not

Be Enforced **requiring** the **two**  Defendants-Debtors -*name-1*) Michael J. Lichty, as *Plan*

*Administrator*, and - *name-2)* James E. O'Neill, as *Counsel of Record* for TWA, Inc. Post

Confirmation Estate ( its Subsidiaries - Recipients ) to show why **two** judicial  issued  an

subpoena(s) *duces  tecum*, should not be enforced by this Court.

 The **two** subpoena(s) was issued by Clerk of the Court; pursuant to F.R.Civ.P 45(a)(3);

**cause** to be **served** on *date* April 30, 2008 to gather data to **investigate** and Command the

Plan Administrator, and Counsel -in-Fact  , to testify; to produce and permit inspection

and copying of the following *evidentiary* documents, **(i)**  to Plaintiff, **P**ension **B**enefits

**G**uaranty **C**orporation by Title IV of the (ERISA) in 1974 to protect retirement income,

provide by **Trans World Airlines, Non-Contract  Retirement Information Package -**

**pamphlet -** " Requirements for Retirement Salaried Employees" and other gather data;

**(ii)** NYS Worker's Compensation Act-"Disability Benefits", by Hartford Insurance Group.

**(iii).** Asset Purchase Agreement, Retiree Benefits plan, with American Airlines, Inc.

The **two** subpoena(s) was issued in accordance with- **procedure for claims, benefits denial *and* refusal to pay claims, benefits, insurance disability claims,benefits, under *ERISA,*** F.R.C.P.-Rule 8(a)**;** 29 USCA-1132 and section 1301 et seq. and section 4003 and section 1303 of 29 USCA, and Section 42 USCA -12111 et seq. and Section 2000-e et seq. The undersigned having duly served with the **two** subpoenas and Proof of Service Upon TWA, Inc, Defendants- Debtors and Counsel in Facts, good causes appearing:

**NOW ON THE MOTION,** of the undersigned, therefore,

IT IS ORDERED, that service of a copy of this Order upon TWA,Inc, Defendants Debtors, Plan Administrator, and Counsel's, Based on documents of *entire* administrative records to such plans and disclosure statements filed in cases, *under section 586(f) of title 28* upon which the Order is **granted** shall be sufficient service of this Order.

IT IS FURTHER ORDERED, that TWA, Inc, Defendants - Debtors - Plan Administrator and Counsel's, must file and serve,its answer affidavit's to [Motion] - Order to Show Causes, no later than 14 days after service admitted,

**Date:** August 04,  2008

x *Herbert Mc Millian*

**Herbert McMillian,** Pro Se, for Plaintiff-Creditor

**Enter;**

*Notify;*_____         x_____
**U.S. Attorney's (28 USC-586(a)(3)(F)(f)**         **United States District Court-Judge**

**To: see;** CERTIFICATE OF SERVICE (*attached*) -[Exhibits]**.**

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

District of Delaware

**Herbert McMillian,**   –Plaintiff
(Last four SS #8692) –**Employee's**
            V.
**Trans World Airlines,Inc.**   –Defendants'
(NYS Tax Id #526-976 –**Employer**

**SUBPOENA IN A CIVIL CASE**

"JURY DEMAND – PLAINTIFF"

Case Number:[1] 08-180(SLR)
Bankruptcy Case No.01-56(PJW)
            Ap-No.08-11

TO: James E.O'Neill, (Bar No.4042) Co-Counsel,
    For TWA Inc, Post Confirmation Estate

XX YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. On Court **Official Record**(28 USC-1731 through 1739.

| PLACE OF TESTIMONY –at Trial by Jury(Fed.Evid.**101**;801;902). | COURTROOM –6B |
|---|---|
| United States District Court / DE | Hon:Sue L Robinson |
| 844 King Street | DATE AND TIME |
| Wilmington,DE, 19801 | May 20,2008 at 2:00 P.M. |

□ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

□ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):By answering Affidavit in relating; (i) TWA-non-Contract-Retirement(Pamphlet) Under ("PBGC") by ("ERISA") plans. (ii) in 1974 to protect retirement income, by 29 USC-1301 and 1132. HTG –Case No.302-FC-24899"/W.c:No.0795-4183 / Date on Job Injury // 8-30--79 of "disability begin"/ and **(iii)** Asset Purchase Agreement with "AA"

| PLACE | DATE AND TIME |
|---|---|
| Same as above | Same as above |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 4/17/08 |
| ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

**Jurisdiction:Federal Questions**                    "Class Action"

[1] If action is pending in district other than district of issuance, state district under case number 212-Docket 94-6040 U.S. Court of Appeals-2nd-Curcuit / Dixon,and all other similary situated-Plaintiff and NYS -v- Shalala,U.S. of DH&H Services,Defendants.
**Nature,Personal Injury,**Claims arise,of "DISABILITY" Benefits Plans.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4-30-08 | 919 N. MARKET ST. 17 FL, PACHULSKI, STANG, ZIEHL & JONFS LLP |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JAMES E. ONEILL | PERSONAL DELIVERY BY HAND |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CHARLES M FLOYD | FRIEND OF PLANTIFF |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4-30-08
DATE

Signed by Charles M. Lloyd on
This The 30TH day of April 2008

BRIAN THOMAS ORSETTI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug 23, 2010

SIGNATURE OF SERVER

59 LUCH LUMBR DST
ADDRESS OF SERVER

DEAR DE 19701

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### District of Delaware

**Herbert McMillian,**    -Plaintiff
(Last four SS #8692) -**Employee**

V.
**Trans World Airlines,Inc.** -Defendants'
(NYS Tax Id #526-976) -**Employer**

(Plan
TO:  Michael J.Lichty, **Administrator**),
    For TWA Inc.Post Confirmation Estate (its Recipients list -2002).

**SUBPOENA IN A CIVIL CASE**

"JURY DEMAND - PLAINTIFF"

Case Number:[1] 08-180(SLR)
Bankruptcy Case No.01-56(PJW)
Ap-No.08-11

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.On  Court **Official Record.**(28 USC-1731 through 1739.

| PLACE OF TESTIMONY -at **Trial by Jury**(Fed.Evid.**101**;801;902). | COURTROOM _6B |
| --- | --- |
| United States District Court / of DE<br>844 King Street<br>Wilmington, DE 19801 | Hon:Sue L Robinson |
| | DATE AND TIME<br>May 20,2008 at 2:00 P.M. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**(i).**Trans World Airlines-Non-Contract-Retirement information Package(**Pamphlet**)under ("the PBGC") plan; by ("the ERISA") plan and **(ii)** Hartford Insurance Group, Inc.Case No.302-FC-24899 / W.C.B.No.0795-4183 / Date on Job Injury - 8-30-79 of "**disability**" begin and **(iii).**Asset Purchase Agreement,Retiree Benefits plans,with "AA".

| PLACE<br>Same as above | DATE AND TIME<br>Same as above |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>4/17/08 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

**Jurisdiction: Federal Questions**    "Class Action"

[1] If action is pending in district other than district of issuance, state district under case number.  212 -Docket 946040 U.S.Court of Appeals -2nd-Circuit / Dixon,and all other similary situated -Plaintiff and NYS -v-Shalala,U.S.of DH&H Services,Defendants.
**Nature,Personal Injury,**Claims arise,of "DISABILITY" Benefits Plans.

*Exhibit~ C~*

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE 4-30-08 | PLACE TWA INC POST CONFIRMATION FS JATE |
|---|---|---|
| SERVED |  | P.O. BOX 12247 KANAS CITY MO. 64102 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MICHAEL J LICH TY PA | US POSTAL SERVICE CERTIFIED MAIL-RECEIPT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CHARLES M FLOYD |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4-30-08

signed by charlse m Floyd on
this=The 30th Day of April 2008
B. T....

BRIAN THOMAS ORSETTI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug 23, 2010

SIGNATURE OF SERVER

59 LAH LONCNN ST.
ADDRESS OF SERVER

BEAR DE 19701

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBITS WILL BE FURNISHED UPON REQUEST

## § 45.13    Appeal of Order Relating to Subpoena

### [1]    Order Generally Not Immediately Appealable

An order granting or denying a motion to quash or modify a subpoena is an interlocutory order that may not be immediately appealed. *See United States v. Ryan,* 402 U.S. 530, 532–533, 91 S. Ct. 1580, 29 L. Ed. 2d 85 (1971) (person subjected to subpoena may not appeal denial of motion to quash, but must either obey subpoena, or refuse to do so and contest validity of subpoena if subsequently cited for contempt for disobedience); *Caswell v. Manhattan Fire & Marine Ins. Co.,* 399 F.2d 417, 422 (5th Cir. 1968) (citing **Moore's**; order quashing subpoena is not immediately appealable by party serving subpoena, but instead merges into final judgment and may be assigned as error at that time); 7 MOORE'S FEDERAL PRACTICE, § 45.70 (Matthew Bender 3d ed.).

If, however, the subpoena relates to an ancillary discovery proceeding, an order that quashes the subpoena completely terminates that proceeding, and is immediately appealable. *E.g., Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 815–817 (5th Cir. 2004) (order quashing subpoena duces tecum directed to nonparty and issued in ancillary discovery proceeding pending in different circuit was immediately appealable). In addition, there may be circumstances in which an order relating to a subpoena will be appealable as a collateral order. *See In re Grand Jury Subpoena,* 274 F.3d 563, 570 (3d Cir. 2001) (when intervenor sought to quash grand jury subpoena on ground that materials were protected by attorney-client privilege, order refusing to quash subpoena immediately appealable because holder of privilege was not person from whom production was sought, so that contempt citation was not appropriate vehicle for testing subpoena); 7 MOORE'S FEDERAL PRACTICE, § 45.71 (Matthew Bender 3d ed.).

### [2]    Scope of Review is Abuse of Discretion

In general, any decision of a district court as to an evidentiary issue is within the court's discretion. Accordingly, a federal court's decision granting or denying a motion to quash or modify a subpoena is subject to review only for an abuse of discretion. *See Mattel, Inc. v. Walking Mountain Productions,* 353 F.3d 792, 813 (9th Cir. 2003); *Tiberi v. Cigna Ins. Co.,* 40 F.3d 110, 112 (5th Cir. 1994); 7 MOORE'S FEDERAL PRACTICE, § 45.72 (Matthew Bender 3d ed.). If, however, an order quashes a subpoena without any explanation, and without providing the party an opportunity to modify the subpoena to cure any defects, the order is an abuse of the court's discretion. *See Weinman v. Cable,* 427 F.3d 49, 52–53 (1st Cir. 2005) (when district court quashed subpoena directed to unretained expert without

**735**                     RULE 45—SUBPOENA                     **§ 45.13[2]**

considering whether witness had factual information that could be discoverable, and without considering burden on witness and whether compensation could be arranged, order would be vacated and remanded for reconsideration); *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004) (quashing subpoena and denying motion to compel enforcement without any explanation is abdication of court's responsibility, and therefore is abuse of discretion).
Re sign



Fed. R. of Civ. Proc.

**UNITED STATES DISTRICT COURT**          Case No. 1-08-civil - 180 (SLR)
**DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, the undersigned, Herbert McMillian, pro Se for the Plaintiff- Creditor - certify that I, served or cause to be filed on the **06** day of August 2008 a copy of the foregoing relevant evidentiary document's: *(in Motion form)*

**1).** Motion for Order to Show Cause -Why Subpoena(s) Should Not Be Enforced
**2).** Exhibits
upon the following *identified* parties in interest the manner indicated: as required by Fed. R. Civ. P. 5(b)(1);

## Method of Service:[check mark] [ x] U.S. Mail or [ ] Fax or [ ] Personal or Other:

*Notice To:*
TWA, Inc. Post Confirmation Estate / Debtors / Counsels of Record

James E. O'Neill, Counsel of Record      **and**      Michael J. Lichty, Plan Administrator
Pachulski, Stang, Ziehl, & Jones LLP            TWA, Inc. Post Confirmation Estate
919 North Market Street                         P.O. Box 12247
Wilmington , DE 19899-8705                      Kansas City, MO 64152
          [Its Subsidiaries - Recipients -list- Rule 2002 of Bankruptcy Procedure]

**and**

United States District Court            United States Attorney's,   (28 USC-586(F).
844 King Street                         1007 Orange Street
Wilmington / DE 19801                    Wilmington / DE 19899-2046

**Dated:** Execution, August 06 , 2008     x *Herbert Mc McMillian*
                                            Herbert McMillian,
*Declaration of;*                           Pro Se for Plaintiff - Creditor
[Pursuant to 28 USC-1746]                   179-17 Anderson Road
                                            St. Albans, NY 11434
                                            (718) 723-4693



**U.S. POSTAL SERVICE**

**CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE-POSTMASTER

Received From:

Mr. Herbert Mcmillian
17917 Anderson Rd.
Jamaica, NY 11434-3403

One piece of ordinary mail addressed to:

Michael N. Licata
TWA Inc Post Confirmation Estate
Kansas City, Mo Box 12247
Kansas City, Mo 64152

PS Form 3817, January 2001

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

7001 1940 0000 0853 9315

| | |
|---|---|
| Postage | $ |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.32 |

Postmark Here

08/06/2008

Sent to James Licata Pickinsky Stavis, Licata
Street, Apt. No.; or PO Box No. 919 North Market Street
City, State, ZIP+4 Wilmington DE 19801

PS Form 3800, January 2001                See Reverse for Instructions

U.S. POSTAGE
PAID
WILMINGTON, DE
19801
AUG 06, 08
AMOUNT
$1.10
00047866-08

---

RODNEY SQUARE STATION
WILMINGTON, Delaware
198019998
3379300501-0093
(800)275-8777       09:50:09 AM

08/06/2008                Sales Receipt

| Product Description | Qty | Unit Price | Final Price |
|---|---|---|---|
| 42c Purple Heart PSA | 4 | $0.42 | $1.68 |
| Certificate of Mailing | 1 | $1.10 | $1.10 |
| WILMINGTON DE 19801 Zone-0 First-Class Letter 0.80 oz. | | | $0.42 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: 70011940000085339315 | | | |

Issue PVI:                                      $5.32

Total:                                          $8.10
                                                ═══════
Paid by:
MasterCard
Account #:          XXXXXXXXXXXX8415
Approval #:         394412
Transaction #:      995
23 903540185

Bill#: 1000702699785
Clerk: 08

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

***********************************
Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
***********************************

HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
***********************************